# IN RE ADAMS.

PATENTS; PATENTABILITY.

1. A claim in an application for a patent covering the use of a thermostat to cut off the supply to a gas engine to prevent overheating, was *held* not patentable in view of the common use of thermostats to cut off the supply of heating medium to various devices when the temperature reaches a predetermined point.

2. A thermostat, when used to cut off the supply to a gas engine, performs no unusual function, and does not produce a new and useful result that rises to the dignity of invention.

3. Unanimity of decision in the Patent Office imposes upon a party appealing from a decision of the Commissioner to this court, the burden of showing very clearly that error was committed in the final decision of the Commissioner in order to obtain a reversal.

No. 267. Patent Appeals. Submitted November 15. 1904. Decided December 6, 1904.

HEARING on an appeal by the applicant from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. James C. Chapin* for the appellant.

*Mr. John M. Coit* for the Commissioner of Patents.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, Daniel B. Adams, has appealed from the decision of the Commissioner of Patents rejecting three claims of his application for a patent for an improvement in automatic stopping device for engines and the like.

The rejected claims are numbered 1, 6, and 7.

Claim 1 reads as follows:

"1. In a stopping device, for engines and the like, the combination with a jacketed engine cylinder, and means for supplying a cooling fluid to the jacket of a thermostat located in proximity to the jacket, and engine-stopping means controlled by the thermostat and arranged to be operated thereby to stop the engine."

Claim 6 has been abandoned, and claim 7 covers the same combination as claim 1, but adding thereto the element of an alarm operated by the same thermostat.

The invention is intended for operation in connection with the water-jacketed cylinder of a gas engine. A thermostat is located in or upon the jacket, and connected with the fuel supply and the sparking device so as to stop the engine when the temperature shall have risen to a certain point beyond which danger lies. The addition of claim 7 is for a connection that rings an alarm bell before stopping the engine.

The tribunals of the Patent Office were unanimous in denying the aforementioned claims. The Commissioner cites several existing patents showing the state of the particular art in consideration of which he denied the claim of invention made by the applicant. Without restating the references in his decision, it is sufficient to say that one of the former patents discloses means for cutting off the fuel supply and stopping engines of the kind upon a failure, from any cause, of the supply of cooling water in the cylinder jacket. Others show a thermostat connected with a gas-engine cylinder to cut off the supply of gaseous fuel, and open the supply of liquid fuel when a certain temperature is

reached.    And upon further increase of temperature the ther-
mostat causes an additional supply of water.    The Commission-
er then proceeds to say:

"It is a matter of common knowledge that thermostats are in
general use in many arts for cutting off the supply of heating
medium when the temperature rises above a desired point.    The
question presented is whether stopping an engine by a rise in
the temperature thereof is such a new result as to confer the
quality of invention upon the means by which it is secured,
namely, the combination of an engine-stopping device and a
thermostat.    It must be held that the decision of the Examiners-
in-Chief in the negative was correct."

It is the settled rule of this court that unanimity of decision
in the Patent Office imposes upon an appellant the burden of
showing very clearly that error was committed in the final deci-
sion of the Commissioner in order to warrant its reversal.
Notwithstanding the able argument on behalf of the appellant,
we are of the opinion that this burden has not been overcome.
In view of the common use of the well-known thermostat in this
and other devices, we cannot agree that in the combination of the
claims it is made to perform other than its usual function, or to
co-operate in producing a new and useful result that rises to the
dignity of invention.

The decision must therefore be affirmed with direction to cer-
tify the proceedings in this court to the Commissioner of Pat-
ents.    It is so ordered.                    *Affirmed.*